448 A.2d 41

**COMMONWEALTH of Pennsylvania**

v.

**Janice VISCONTO, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1982.

Filed July 9, 1982.

544

Sandra Swenson, Philadelphia, for appellant.

Melvin R. Shuster, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

Appellant, Janice Visconto, was found guilty of making false statements in order to obtain public assistance [1] in the Municipal Court of Philadelphia County on February 20, 1980. Appellant was sentenced to one year probation and ordered to pay restitution. Appellant then appealed to the Court of Common Pleas of Philadelphia County [2] and was convicted by a jury on October 20, 1980. Post-verdict motions were denied. Appellant was sentenced to three to twelve months imprisonment and ordered to pay restitution in the amount of $3,770.00. This appeal followed.

From June 1975 to August 1977, appellant received public assistance under the name Janice Visconto through the Elmwood district office of the Philadelphia County Board of Assistance. From August 1976 to January 1977, under the name Janice D'Amico, appellant received public assistance through the Snyder district office of the Philadelphia County Board of Assistance. Appellant also received continuous unemployment compensation under the name Janice D'Amico from July 1976 to January 1977.[3]

Appellant raises three issues on appeal: 1) that she was denied the right to a trial de novo in the Court of Common Pleas because the trial judge at sentencing had possession of the record of the Municipal Court proceedings, the trial court imposed a harsher sentence upon her than that imposed in the Municipal Court, and the trial judge, at sentencing, made mention of the length of the Common Pleas trial; 2) that the trial court erred in admitting Commonwealth Exhibits 9, 17 and 18 into evidence over appellant's objections; and 3) that the trial court erred in denying appellant's

1. Act of 1976, July 9, P.L. 993, No. 202, § 8; Pa.Stat.Ann. Title 62, § 481 (Purdon 1981 pamphlet).

2. Appellant appealed the Municipal Court conviction to the Court of Common Pleas of Philadelphia County pursuant to 42 Pa.C.S.A. § 1123.

3. At the time of the application for public assistance at the Snyder district office, appellant listed that she had worked as a banquet waitress at the Benjamin Franklin Hotel in Philadelphia from January 1975 to June 1976.

motion for a mistrial which was based on remarks made by the prosecutor in closing argument to the jury.

We find no merit in appellant's first contention. There is no evidence in the record that the trial judge had possession of the record of the Municipal Court proceedings at trial or at sentencing.

■ Appellant then argues that she is entitled to another sentencing hearing because she received a harsher sentence in the Court of Common Pleas than that imposed in the Municipal Court. In *Commonwealth v. Possinger*, 264 Pa. Super. 332, 344–45, 399 A.2d 1077, 1083 (1979) the Court held that:

> ... a defendant's constitutional rights were not violated when a Common Pleas court following a trial de novo imposed a sentence greater than the one originally imposed by Municipal Court. This was true even though the Common Pleas Court did not place upon the record facts justifying such an increase in sentence. (citations omitted)

We conclude that the increase in appellant's sentence was proper.

■ Appellant argues that it was error for the trial judge to mention, at sentencing, the length of her Common Pleas trial.[4] After sentence was imposed, defense counsel argued, on the record, that the increase in sentence was not proper and that certain Pennsylvania cases did not justify an increase in sentence. The sentencing judge stated that it had been a very long trial and he would review the record in light of the cases cited, and, if a lesser sentence was warranted, he would contact both parties. After reviewing the record, we find that this isolated comment by the trial judge, after sentence was imposed, did not prejudice appellant.

4. After sentence was imposed by the trial court, defense counsel informed the court that appellant received a lesser sentence in Municipal Court and argued that an increased sentence was improper.

Appellant's second contention is that the trial court erred in admitting, over appellant's objections, Commonwealth Exhibits 9, 17, and 18.

Exhibit 9 is an overpayment referral sheet which lists the dates of the overpayment of public assistance checks to the appellant.

The Uniform Business Records Evidence Act provides: (b) . . . A record of an act, condition or event shall insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition, or event, and if, in the opinion of the tribunal, the sources of information, method, and time of preparation were such as to justify its admission.

(c) . . . As used in this section "business" includes every kind of business, profession, occupation, calling, or operation of institutions whether carried on for profit or not.

Act of 1976, July 9, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 6108. At trial, the Commonwealth presented two witnesses, Marilyn Read, supervisor of records at the Elmwood district office, and Philip Friedrich, applications supervisor at the Snyder district office, to identify Exhibit 9 and to provide information as to the circumstances surrounding its preparation. Ms. Read first met Janice Visconto in 1974 when she applied for public assistance. At trial, Ms. Read identified appellant as Janice Visconto. Mr. Friedrich also identified appellant at trial, and he testified that when appellant applied for public assistance at the Snyder district office, he knew her as Janice D'Amico. At some point later, after appellant had applied for public assistance, Mr. Friedrich saw her at an administrative appeal hearing where she went by the name Janice Visconto.

Marilyn Read discovered the double payment of public assistance to appellant when the Claims Settlement Bureau of the Pennsylvania Department of Welfare instructed her and Mr. Friedrich to review both the Visconto and D'Amico

case records to determine if the cases involved the same person.[5]

Marilyn Read personally appeared and signed an overpayment referral sheet based upon the discovery of appellant's receipt of double payments of public assistance from the Elmwood and Snyder district offices between the time period of August 26, 1976 to January 23, 1977.

█ We therefore conclude that Exhibit 9 was properly admitted into evidence under the business records exception to the hearsay rule. Marilyn Read was a qualified witness who testified to: the Exhibit's identity, her personal preparation of the document, and, the preparation of the document in the regular course of business at the time of the discovery of the overpayment of public assistance benefits to appellant.

█ Exhibit 17 is a computer print-out of unemployment payments issued to appellant by the Pennsylvania Bureau of Unemployment Compensation. The trial court admitted the record as an official record of the Bureau of Unemployment Compensation. At trial, appellant objected that a proper foundation had not been laid for its admission. The applicable law provides:

(a) ... An official record kept within this Commonwealth by any court, district justice or other government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by any public officer having a seal of office and

5. Ms. Read and Mr. Friedrich found numerous similarities in both files after reviewing the Visconto and D'Amico files, including: the same birthdate of one of her children, the name of the father of one child in the Elmwood district file was the same as the name of the father of both children in the Snyder district file, the first names of appellant's parents were the same in both files, appellant's parents' address in the Elmwood district file was the same as her address in the Snyder district file, appellant's signatures were the same in both files, and her personal characteristics were the same in both files.

having official duties with respect to the government unit in which the record is kept, authenticated by the seal of his office...

Act of 1976, July 9, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 6103.

(a) ... A copy of a record of governmental action or inaction authenticated as provided in section 6103 (relating to proof of official records) shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted.

(b) ... A copy of a record authenticated as provided in section 6103 disclosing the existence or nonexistence of facts which have been recorded pursuant to an official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

Act of 1976, July 9, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 6104.

In the instant case, the computer print-out was kept by the Bureau of Unemployment Compensation as an official record of unemployment compensation benefits received by appellant. Attached to the computer print-out was a certification signed by the custodian of the document, John H. Eckert, Unemployment Insurance Operations Chief, of the Office of Employment Security, Bureau of Unemployment Compensation Benefits. At trial, Oscar McBurse, an unemployment compensation supervisor of the Pennsylvania State Employment Office in Philadelphia, testified that he received the computer print-out with the certification of John H. Eckert, from Mr. Eckert, who had the legal custody of the document.

We do not find that the certification of John H. Eckert, or the presentation of the certification and testimony by Oscar McBurse at trial indicate that the computer print-out was untrustworthy as an official record. Additionally, it must be noted that the unemployment compensation checks issued to appellant were introduced into evidence (Exhibit 20).

Under §§ 6103 and 6104, personal knowledge is not necessary for the admission of an official record into evidence. Therefore, based on the above discussion, the trial court did not err in admitting Exhibit 17 as an official record.

■ Exhibit 18 is a list of wages paid by the Pittsburgh Hilton Hotels Corporation to a group of employees, including Janice D'Amico. Pursuant to 42 Pa.C.S.A. §§ 6103 and 6104, as set forth in the discussion of the admission of Exhibit 17, this Exhibit was accompanied by a certification signed by John H. Eckert, the officer of the Bureau of Unemployment Compensation, who had legal custody of the record. At trial, Oscar McBurse presented the certification of John H. Eckert and testified that he received custody of the document from Mr. Eckert.

Exhibit 18 verified the employment of appellant (under the name Janice D'Amico) in various hotels in Philadelphia.[6] In order for the Pennsylvania Department of Welfare to issue unemployment payments to appellant, the Department had to have a record of her employment history. The Pittsburgh Hilton Hotels Corporation had a duty to furnish such records to the Pennsylvania Department of Welfare pursuant to 43 P.S. § 766(a) "each employer shall keep accurate employment records containing such information."[7] Also, pursuant to 43 P.S. § 784:

[E]ach employer shall file with the department such reports, at such times, and containing such information, as the department shall require, for the purpose of ascertaining and paying the contribution required by the act.[8]

6. It must be noted that proof of unemployment compensation benefits received by appellant is not necessary to sustain appellant's conviction. The testimony of Ms. Read and Mr. Friedrich in regard to the schedule of overpayment in Exhibit 9 established the double payment of public assistance to appellant. Furthermore, appellant does not challenge the sufficiency of the evidence.

7. Act of 1949, May 23, P.L. 1738, § 5.

8. Act of 1971, Sept. 27, P.L. 469, No. 108, § 12.

Additional evidence was introduced in the form of testimony in order to show that Janice Visconto, under the name Janice D'Amico, worked as a full-time and, at various times, as a banquet waitress. Mary Regan, the secretary to the general manager of the Holiday Inn in Philadelphia who prepared the payroll of that hotel, identified appellant as Janice D'Amico at trial. Mary Regan stated that appellant worked as a full-time waitress from June 13, 1975 to October 8, 1975 and also worked as a banquet waitress from January 1976 to May 1976 at the Hilton Hotel. Betty Sandy, in charge of payroll at the Benjamin Franklin Hotel, referred to the hotel's employment payroll records on the witness stand. She stated that Janice D'Amico worked at the hotel on various occasions in 1975 and 1976. The testimony of these witnesses corroborated the information which is contained in Exhibit 18.

We find that the trial court did not err in admitting Exhibit 18 into evidence at trial as an official record because Mr. McBurse presented and testified to the certification of John H. Eckert, i.e., that Exhibit 18 is an official record. Additionally, there was no indication of untrustworthiness of the Exhibit, and personal participation in the preparation of the Exhibit is not required under 42 Pa.C.S.A. §§ 6103 and 6104.

Appellant's final contention is that the trial court erred in denying her motion for a mistrial based on the prosecutor's remarks made in his closing argument to the jury.

Prejudice has been consistently found by our judiciary only where the remarks of the prosecutor have been unsupported by any factual evidence, and thus, have merely reflected the prosecutor's personal judgment concerning the defendant's veracity. (citations omitted) It is well established that the prosecutor's closing argument must be limited to the facts of the record and all reasonable inferences drawn therefrom.

*Commonwealth v. Bullock*, 284 Pa.Super. 601, 608, 426 A.2d 657, 661 (1981).

The failure of the trial court to grant a mistrial following the prosecutor's closing argument to the jury is not reversible error:

> [W]here, under all the circumstances of the case, the verdict rendered is a just one, the language of the prosecuting officer which will justify a reversal must be such that its unavoidable effect would be to prejudice the jury, forming in their own minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of doubt, extenuation, or degree of guilt that may be present in the case, and thus make them unable to render a true verdict. (citations omitted).

*Id.*, 284 Pa.Superior Ct. at 609, 426 A.2d at 661.

■ Appellant cites five alleged prejudicial remarks made by the prosecutor in his closing argument to the jury. When these remarks are read in their context, we see no merit in appellant's contention.

> I asked the question of the defendant as to where her mother lives and she said 3102 S. 13th Street. There was no question about that. I asked her the question: In all that time, did your mother ever tell you that these checks were coming into her address? Now, ladies and gentlemen, applying again your common sense, wouldn't it stand to reason that if there was somebody else involved here, this would have been brought to her attention? The first name was the same, Janice. So these are little things in her testimony that has come in and the evidence which really shows that the stories being presented or should I say *the testimony that the defendant has presented does not really hold true.* When checks of this magnitude for a long time are coming to an address of a close relative, something is going to be mentioned and of course it wasn't. (emphasis added)
>
> . . . .
>
> Janice Villar. Who is Janice Villar? Well, the defendant admits that she used the name Janice Villar. So *there*

*really is no question about her employment at this point.*
(emphasis added)

*You will have to decide between* Mr. Nizzardi's testimony
and the testimony of *the other caseworkers and the de-
fendant's* testimony as to who you are going to believe.
You are weighing the balance and *I submit to you that a
balance has got to come out on the side of the caseworkers
and the other people who testified, because it doesn't
make sense any other way.* (emphasis added)

. . . .

The failure to disclose, ladies and gentlemen, is an affirm-
ative obligation that the defendant had and I submit to
you that she was fully cognizant, just as she was fully
cognizant of the other rights that she felt she had and her
failure to disclose to Mr. Barnes, to Miss May, to disclose
to Mr. Nizzardi, in and of itself establishes a willful
misrepresentation. *She withheld information. It was a
fraudulent act.* (emphasis added)

The prosecutor commented on appellant's credibility on
the witness stand, the discrepancies in her testimony, and
the inferences which could reasonably be drawn from the
facts in this case. We find that these remarks, made by the
prosecutor in summation to the jury, were within the bound-
aries of appropriate argument and do not amount to reversi-
ble error.

Judgment of sentence affirmed.

WIEAND, J., concurs in the result.

POPOVICH, J., files a concurring and dissenting opinion.

POPOVICH, Judge, concurring and dissenting:

Based on my independent review of the record (RR. 2–3), I
concur in the Majority's conclusion that the increase in
appellant's sentence was proper. However, I dissent to the
Majority's recitation of the language in *Commonwealth v.*

*Possinger*, 264 Pa.Super. 332, 334–45, 399 A.2d 1077, 1083 (1979), which is drawn from this Court's decision in *Commonwealth v. Moore*, 226 Pa.Super. 58, 312 A.2d 422 (1973), to support such conclusion.

To explicate, in *Commonwealth v. DeCaro*, 298 Pa.Super. 32, 444 A.2d 160, this Court dealt with, *inter alia*, a contention concerning the legality of a Common Pleas Court judge issuing a greater sentence after an accused's trial *de novo* than that entered by a Municipal Court judge. On this point, the Majority in *DeCaro* held that "there is no defect in the Common Pleas judge having imposed a greater sentence than that which was imposed by the Municipal Court judge, *if the statutory and case law sentencing procedures are complied with.*" (Emphasis added) (Footnote omitted) *Id.*, 298 Pa.Superior Ct. at 42, 444 A.2d at 165. We found that such procedures were adhered to in *DeCaro*, but a remand was necessary to allow the accused the opportunity to file a motion for modification of sentence *nunc pro tunc*, since the trial court failed to inform the accused of her right to do so.

However, I wrote separately to point out that compliance with the sentencing procedures set forth in our statutory and case law, as a condition precedent to legitimizing an increased sentence, necessarily was at odds with our decision in *Commonwealth v. Moore, supra.* I stated the proposition as follows:

"In *Moore*, the question posed was:

'whether or not the Common Pleas Court in a trial de novo following an appeal as of right from a Municipal Court summary conviction can impose a sentence greater than that originally imposed in the Municipal Court *without placing upon the record facts justifying such increase in sentence.*' (Emphasis added) *Id.*, 226 Pa.Superior Ct. at 60, 312 A.2d at 422.

To start with, the Court in *Moore* found the Kentucky system, as discussed in *Colten [v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) ], to be indistinguisha-

ble from the Philadelphia system. Consistent therewith, the Court went on to hold that, unless the appellant appealing a summary judgment to a higher court alleges error in regard to the prior summary offense and in the sentence imposed by the municipal court, the reasoning supporting *Colten* rather than that supporting *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1971) was applicable and governing. In other words, the *Moore* Court was stating that the trial judge's reasoning for increasing a sentence after retrial was not required to ' "be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding[,]" ' *Commonwealth v. Moore, supra*, 226 Pa.Super. at 64, 312 A.2d 423, unless, as just stated, the appellant alleged error attendant to the summary proceedings and the sentence imposed by the municipal court. In light of our Supreme Court's ruling in *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) and the promulgation of the Sentencing Code (42 Pa.C.S.A. § 9701 *et seq.* (Pamphlet, 1981)), such statement can no longer be considered to be a viable tenet in the law.

Furthermore, I find that *Riggins* and the Sentencing Code are sufficient safeguards to assure that any sentence imposed, regardless of whether it be entered after a trial *de novo* from a summary offense or following a retrial, comports with the dictates of due process and is not constitutionally infirm." (Footnote omitted)

*Commonwealth v. DeCaro, supra*, 298 Pa.Super. at 49–50, 444 A.2d at 168 (POPOVICH, J., Concurring Opinion).

I have not deviated from my initial position on this subject, *see Commonwealth v. Evans*, 299 Pa.Super. 529, 445 A.2d 1255 (POPOVICH, J.), and I see no reason to do so now.