587 A.2d 317

**COMMONWEALTH of Pennsylvania**

v.

**Nancy N. NERNBERG, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 1991.

Filed Feb. 25, 1991.

Maurice A. Nernberg, Jr., Pittsburgh, for appellant.

Syndi L. Norris, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before OLSZEWSKI, BECK and TAMILIA, JJ.

OPINION PER CURIAM:

This is an appeal from judgment of sentence entered October 10, 1989. On May 27, 1988, appellant Nancy N. Nernberg received a citation for driving 75 miles per hour in a 55 mile per hour zone on the Pennsylvania Turnpike.[1] Appellant appealed from her summary conviction and a trial de novo was held on February 28, 1989, at which time appellant was found guilty of speeding and sentenced to pay the costs of prosecution and fined $75.[2] Appellant's post-trial motions having been denied, this appeal followed.

Appellant's sole contention on appeal is that the trial court erred in admitting into evidence the Certificate of Accuracy of the hand-held radar device used by a State Police trooper to register appellant's speed. Appellant argues the certificate contained no indication that the individuals who signed the certificate were authorized to represent the testing station which tested the accuracy of the radar device, as required by statute. Absent the Certificate of Accuracy, there was no evidence to find appellant guilty of speeding, as the sole evidence at trial was the testimony of the state trooper concerning the indicated speed on the radar unit.

The section of the Vehicle Code dealing with speed timing devices provides in relevant part:

> All mechanical, electrical or electronic devices shall be of a type approved by the department, which shall appoint stations for calibrating and testing the devices and may

1. 75 Pa.C.S. § 3362(a)(2).
2. The trial court sentenced appellant immediately after the trial de novo at the request of appellant and her counsel, to save them another trip from Pittsburgh to Carlisle for sentencing, but without prejudice to appellant's right to file post-trial motions.

prescribe regulations as to the manner in which calibrations and tests shall be made.... The devices shall have been tested for accuracy within a period of 60 days prior to the alleged violation. A certificate *from the station* showing that the calibration and test were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged.

75 Pa.C.S. § 3368(d) (emphasis added).

Appellant argues that the language "from the station" requires that there be evidence that those signing the Certificate of Accuracy were authorized by the testing station to sign on behalf of that entity. Specifically, appellant contends the signature of the engineer and tester were insufficient absent a seal, signature or other authorization by the corporation operating the testing station, YIS, Inc.

An Act of Assembly which imposes penal sanctions for violation of its provisions must be strictly construed. 1 Pa.C.S. § 1928; *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978). "However, strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature's evident intent be disregarded." *Commonwealth v. Gordon*, 511 Pa. 481, 486–88, 515 A.2d 558, 561 (1986). In attempting to ascertain the meaning of the statute, we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart*, 375 Pa.Super. 585, 544 A.2d 1384 (1988). We are to presume the legislature did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano*, 387 Pa.Super. 151, 563 A.2d 1229 (1989).

Were this Court only to apply the above analysis to the case at bar, we would find no intent by the legislature to apply the emphasis appellant now suggests to the language "from the station." However, we are also guided by

this Court's decision in *Commonwealth v. Gernsheimer*, 276 Pa.Super. 418, 419 A.2d 528 (1980), wherein this Court set forth the requirements to satisfy section 3368 of the Vehicle Code. The Court stated:

> The Certificate of Electronic Device (radar) Accuracy must be signed by the person who performed the tests and the engineer in charge of the testing station, must show that the device was accurate when tested by stating the various speeds at which it was tested and the results thereof, and must show, on its face, that the particular device was tested within sixty (60) days of the date it was used to calibrate the particular defendant's speed.

*Id.*, 276 Pa.Superior Ct. at 424, 419 A.2d at 530.

While appellant contends *Gernsheimer* dealt with issues other than the authentication of the Certificate of Accuracy, we find *Gernsheimer* to control directly the outcome of this appeal, inasmuch as it delineates a proper Certificate of Accuracy. We further find from our examination of the record that the Commonwealth's Exhibit 1, the Certificate of Accuracy, met the *Gernsheimer* requirements, in that it was signed by the "person making test or calibrating" and the "engineer or metrologist in charge of official testing station"; it showed the device was accurate when tested by stating the various speeds at which it was tested and the results thereof, and it was tested on April 27, 1988, within 60 days of the date it was used to calibrate appellant's speed. *See also Commonwealth v. Hamaker*, 373 Pa.Super. 510, 541 A.2d 1141 (1988).

We find it unreasonable to conclude that more is required of a valid Certificate of Accuracy than has been specified in *Gernsheimer*. We also find it unreasonable to conclude that those persons conducting accuracy calibrations on behalf of YIS, Inc., an official testing station, were in any way unauthorized to do so merely because no officer of YIS, Inc., was also a signatory to the certificate. Absent a further statutory requirement to the contrary, we find the mandates of section 3368(d) have been met and the trial

court properly admitted the Certificate of Accuracy. Therefore, appellant's claim is without merit.

Judgment of sentence affirmed.