633 A.2d 1199

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Daniel R. GORDON.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1993.

Filed Nov. 17, 1993.

Carolyn L. Darringer, Asst. Dist. Atty., Reading, for Com., appellant.

Franklin W. Noll, III, Reading, for appellee.

Michael S. Sherman, Harrisburg, amicus curiae.

Before WIEAND, CIRILLO and HESTER, JJ.

HESTER, Judge:

This is a direct appeal from the entry of a Berks County Court of Common Pleas order granting an arrest of judgment to Daniel R. Gordon. The Commonwealth maintains that the trial court improperly interpreted controlling case law and statutory authority in granting appellee's motion. We agree and reverse the order.

The facts in this case, as found by the trial court, follow.

This is a speeding case. The defendant was given a citation charging him with driving a motor vehicle on January 1, 1992 at 73 m.p.h. in a 55 m.p.h. zone in violation of § 3362(a)(2) of the Vehicle Code.

The defendant pleaded "Not Guilty", a summary trial was held before the appropriate District Justice and at the

conclusion of the trial the District Justice found the defendant guilty as charged and sentenced him to pay the statutory fines and costs.

The defendant filed a timely appeal from the judgment of the District Justice and on September 23, 1992, the matter came before us for a trial *de novo* in the Court of Common Pleas.

At that trial *de novo* the Commonwealth showed that the defendant's speed had been checked by a state policeman using a radar device of a type approved by the Secretary of Transportation. The Commonwealth also showed that YIS, Inc., was a radar testing station approved by the Secretary.[1]

---

[1] The Commonwealth proved these facts by reading the provisions of the *Pennsylvania Bulletin* into the record. These provisions stated that the radar unit used, a Falcon manufactured by Kustom Electronics, Inc., was of a type approved by the Secretary of Transportation and that the radar testing station, YIS, Inc., was a radar testing station approved by the Secretary. We can, and did, take judicial notice of the contents of the *Pennsylvania Bulletin*.

At this point the Commonwealth offered into evidence a document which purported on its face to be a Certificate from YIS, Inc., stating that the radar device in question was of a type approved by the Department of Transportation and had been checked for accuracy by YIS, Inc., within sixty (60) days of the alleged violation. This document also showed that turning fork # 1620 had been tested and found accurate. Finally, the document had what appeared to be a signature following the words "Signature of Person Making Test or Calibrating", and what appeared to be another signature following the words "Signature of Engineer or Metrologist in Charge of Official Testing Station".

The defendant objected to the admission of this document on the ground that the Commonwealth had established no basis for its admission.

The state police officer was the only witness called by the Commonwealth. He testified that he had first seen the document in question on the morning of the summary trial and that he did not recognize the signatures appear-

ing on the document. He did not identify the signatures a being the signatures of the person who tested the device or of the engineer in charge of the testing station, or for that matter of anyone employed by YIS, Inc.

Trial Court Opinion, 3/8/93, at 1–2.

The trial court overruled the defendant's objection and admitted the document into evidence. The defendant moved to have all charges against him dismissed. The motion was denied, and he was found guilty as charged. He then filed a motion for a new trial or arrest of judgment. In support of his motion, defendant argued that the trial court erroneously admitted the certificate offered into evidence by the Commonwealth as the Certificate of Radar Accuracy from YIS, Inc. The court adopted the defendant's argument and reasoned that the certificate was authenticated improperly because the trooper who testified could not identify the signatures of the individuals who had signed the certificate. Since the Commonwealth stated that it would produce no more information than that which it already had offered into evidence, the court opined that there was no reason to grant a new trial. Instead, it arrested judgment. This appeal followed.

The Commonwealth argues that the trial court misinterpreted the statutory requirements and the existing case law regarding the classification and approval of speed testing devices. It maintains that correct procedures were followed in the use of the device by Trooper Focht and in the presentation of the certificate of accuracy into evidence. Upon appeal by the Commonwealth from an order arresting judgment, we must determine whether the evidence offered by the Commonwealth was legally sufficient to support the verdict. *Commonwealth v. Froelich*, 458 Pa. 104, 326 A.2d 364 (1974). To reach this determination, we accept all of the evidence and all reasonable inferences therefrom, upon which the fact-finder could have based the verdict; we can affirm the granting of a motion in arrest of judgment if, viewed in that manner, the evidence was nonetheless insufficient in law to find guilt beyond a reasonable doubt as to the crime[ ] charged. *Commonwealth v. Blevins*, 453 Pa. 481,

309 A.2d 421 (1973). We must review the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Hazlett,* 429 Pa. 476, 240 A.2d 555 (1968).

*Commonwealth v. Wilcox,* 400 Pa.Super. 463, 465–466, 583 A.2d 1208, 1209 (1990), citing *Commonwealth v. Robinson,* 351 Pa.Super. 309, 311–312, 505 A.2d 997, 998 (1986), *quoting Commonwealth v. Nelson,* 245 Pa.Super. 33, 36, 369 A.2d 279, 280 (1976).

The section of the Vehicle Code which deals with speed timing devices provides in relevant part:

> The department may, by regulation, classify specific devices as being mechanical electrical or electronic. All mechanical, electrical or electronic devices shall be of a type approved by the department, which shall appoint stations for calibrating and testing the devices and may prescribe regulations as to the manner in which calibrations and tests shall be made. The certification and calibration of electronic devices under subsection (c)(3) shall also include the certification and calibration of all equipment, timing strips and other devices which are actually used with the particular electronic device being certified and calibrated. The devices shall be tested within a period of 60 days prior to the alleged violation. *A certificate from the station showing that the calibration and tests were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged.*

75 Pa.C.S. § 3368(d) (emphasis added).

The holdings of our courts have long reflected the literal application of the above statute. Specifically, with respect to the admissibility of the Certificate of Radar Apparatus accuracy, ("Certificate"), we consistently have held that in a speeding prosecution, the Certificate is admissible to prove the accuracy of the radar apparatus, but not to prove that the apparatus was of a type approved by the Secretary of the Department of Transportation, ("Secretary"). We reiterated that the Certificate is prima facie evidence of the accuracy of the machine,

thereby placing the burden of proof on the motorist to establish that the machine was not accurate. *See Commonwealth v. Perdok,* 411 Pa. 301, 192 A.2d 221 (1963).

In *Commonwealth v. Gernsheimer,* 276 Pa.Super. 418, 419 A.2d 528 (1980), we clarified the requirements which need to be established prior to the introduction of the Certificate under section 3368 of the Vehicle Code:

The Certificate of Electronics Device (radar) Accuracy must be signed by the person who performed the tests and the engineer in charge of the testing station, must show that the device was accurate when tested and the results thereof, and must show, on its face, that the particular device was tested within sixty (60) days of the date it was used to calibrate the particular defendant's speed.

*Id.,* 276 Pa.Super. at 424, 419 A.2d at 530. In *Gernsheimer,* the motorist argued that the Certificate was not admissible because it did not contain an official seal. The court held that an official seal was not required by 75 Pa.C.S. § 3368(d). Furthermore, the court held that as long as evidence is admitted which proves that the testing center was approved by the Secretary, and as long as the Certificate is signed by the appropriate, designated individuals, the ·Commonwealth had met its burden with regard to the requirements of 75 Pa.C.S. § 3368(d).

In addition, we stated that in cases where an electronic device has been used to calibrate a defendant's speed, before the Commonwealth may introduce the results into evidence, it must offer proof that the agency testing the accuracy of the device is approved by the Secretary, the Certificate must be signed by the individual who performed the test and the engineer in charge of the station, and the Certificate must show on its face that the device was tested and bear the results of that testing. Furthermore, the device must have been tested within sixty days of the date it was used to calibrate the speed in question.

In *Commonwealth v. Cummings,* 338 Pa.Super. 149, 487 A.2d 897 (1985), the sole issue was whether the Common-

wealth could introduce into evidence a photocopy of the Certificate of stopwatch accuracy in accordance with the statutory hearsay exception for business and public records, 42 Pa.C.S. § 6109(b), in satisfaction of 75 Pa.C.S. § 3368(d). We held that a copy was not admissible because the Commonwealth did not authenticate the document as required by 42 Pa.C.S. § 6108(b). Specifically, the trooper could not testify whether the photocopy was a true copy of the original: therefore, it could not be authenticated. Furthermore, we held that the Certificate did not qualify as a business or public record under § 6109(b). We reasoned that since 75 Pa.C.S. § 3368(d) applies specifically to offers of proof in speeding cases, it takes precedence over the general requirements of the Official Documents Law, 42 Pa.C.S., 5328, in speeding cases.

In *Commonwealth v. Denny*, 372 Pa.Super. 317, 539 A.2d 814 (1987), a motorist argued that the Certificate was inadmissible because the Commonwealth failed to present independent evidence that the testing center was approved by the Department of Transportation. We held that independent evidence of the certificate itself must be offered in order to prove that the testing station is approved by the Secretary. "This independent evidence may consist of either a separate document from the Secretary under seal or a citation to the Pennsylvania Bulletin which lists the station as an approved testing station." *Id.,* 372 Pa.Super. at 323, 539 A.2d at 816.

In *Commonwealth v. Hamaker*, 373 Pa.Super. 510, 541 A.2d 1141 (1988), there was no dispute that the device had been approved by the Department of Transportation and that it had been tested at an approved station, and according to the Certificate, the device had been tested within sixty days of the violation. Rather, the motorist argued that the Certificate was not admissible because the trooper who used the device to clock the motorist's speed had failed to perform the recommended field checks on the day the violation was recorded. We held that the Commonwealth was not required to furnish additional proof of the accuracy of speed timing device under field checks listed in operator's manual. *See* 75 Pa.C.S. §§ 3363, 3368(d). Therefore, we held that appellant's attempt

to challenge the validity and accuracy of the calibration test result failed.

In *Commonwealth v. Nernberg*, 402 Pa.Super. 411, 587 A.2d 317 (1991), a motorist argued that the Certificate was inadmissible because there was no indication that the signatures of the individuals who signed the Certificate were authorized to represent the testing station which tested the accuracy of the radar device, as required by the statutory language found in 75 Pa.C.S. § 3368(d), "from the station." We held that the language contains no such requirement and added that it would be "unreasonable to conclude that those persons conducting accuracy calibrations on behalf of YIS, Inc., an official testing station, were in any way unauthorized to do so merely because no officer of YIS, Inc., was also a signatory to the certificate." *Id.*, 402 Pa.Super. at 414, 587 A.2d at 318–319.

While it is clear that none of these cases adequately address the issue at hand, nonetheless, they are proffered by appellee in support of his novel approach to challenge the *implied* requirements of the statue. However, none of these cases stands for the proposition for which they are offered, and none of them represents binding precedent. Therefore, they cannot be offered to support the appellee's argument or uphold the trial court's decision to arrest appellee's judgment.

However, a review of these cases establishes that our focus must be on the literal interpretation of the statutory language. We have set forth a clear message, based on an equally clear statute. There are no *implied* requirements. It is with this standard in mind that we address the fallacies of the arguments presented by appellee. Appellee correctly states that the *proof of accuracy* of the electronic device is an essential element of the Commonwealth's case, and cites *Commonwealth v. Simons*, 214 Pa.Super. 337, 257 A.2d 694 (1969), in support. He argues that the Commonwealth is required to prove that the Certificate, which is offered as proof of accuracy of the radar device and offered into evidence, is *authentic*. In *Cummings*, we rejected the offer of a photocopy into evidence where the Commonwealth could not authenticate the document. Simply stated, we required that photocopies be

authenticated properly before they could be entered into evidence. We have no quarrel with appellee's statements or his recitation of the Commonwealth's requirements based upon precedent.

While this is not an issue instantly,[1] the language in *Cummings* forms the basis for appellee's contention that the certificate of accuracy was inadmissible since the Commonwealth did not offer independent proof as to the origin or the identity of the signatures on the document. Appellee contends that our holding in *Cummings* implies that because we require the Commonwealth to authenticate a photocopy of the Certificate before it can be admitted into evidence, the Commonwealth also is obligated to authenticate the *signatures* of the individuals who are required to sign the Certificate before it can be offered into evidence. Appellee argues that this verification is necessary to satisfy the requirement to prove that the document, in fact, is a YIS Certificate of Accuracy.

Our review of the statute and the existing case law reveals that there is no requirement to authenticate the signatures on the Certificate before the document can be admitted into evidence. In fact, appellee's conclusion represents a direct contradiction of the existing law. The statute regards the original Certificate as prima facie evidence of the fact that the calibration and test were made within the required time period. Therefore, as written, the statute does not require proof that the Certificate offered into evidence is a valid YIS Certificate. Our case law merely requires authentication that the document offered into evidence is, indeed, a photocopy of the original Certificate.

Appellee also cites *Gernsheimer* and *Nernberg* for the proposition that the Certificate must be signed by the individual conducting the calibration test and the engineer. We acknowledge that the presence of these signatures is mandatory. Instantly, however, this is not an issue as the Certificate

1. Herein, the Commonwealth produced the original Certificate at trial for inspection and validation. The photocopy was offered into evidence, with the approval of the defense, so that the state police could retain the original document.

offered into evidence complied with this requirement. Neither of these cases nor the statute which guides the holdings support appellee's contention that the law requires proof that the signatures which appear on the Certificate are those of the individuals that they purport to be, before the Certificate can be admitted into evidence. Once again, we reiterate that the document is prima facie evidence. Accordingly, the burden would be on the defendant to *disprove* the validity of the signatures on the document.

Likewise, appellee mistakenly relies upon our holding in *Commonwealth v. Denny, supra,* for support. We conclude that the language in *Denny* is not binding precedent on this case since it does not address the specific issue raised herein. Instantly, the Certificate was not offered as proof that either the testing station or the radar device was approved by the Secretary. Herein, the trial court took judicial notice of these facts based upon independent evidence which was provided.

Therefore, neither the statutory authority nor the case law require *authentification* of the signatures. The Commonwealth presented the original Certificate of accuracy to the trial court, offered a photocopy into evidence, presented independent evidence to the court which proved that the testing center and the electronic device were approved by the Secretary, and documented that the device had been tested within sixty days prior. to the violation. Furthermore, the officer testified that he had conducted the field tests which were recommended by the manufacturer [2] to insure the accuracy of the instrument on the day of the violation. The officer also testified that the vehicle was isolated on the roadway and that he never lost sight of the vehicle once it was clocked.

The record reveals that the Commonwealth fully complied with all necessary requirements. We conclude, therefore, that the Certificate of accuracy properly was admitted into evidence. Furthermore, we conclude that the Commonwealth has proven beyond a reasonable doubt that appellee was

2. These field tests are recommended by the manufacturer, but not mandated by law. *See Commonwealth v. Hamaker,* 373 Pa.Super. 510, 541 A.2d 1141 (1988).

driving in excess of the speed limit, 75 Pa.C.S. § 3362; the speed timing device was approved by the Secretary, 75 Pa.C.S. § 3368(d); and the speed timing device had been tested for accuracy by an approved testing station, 75 Pa.C.S. § 3368(d). Accordingly, we find that the Commonwealth presented sufficient evidence to convict appellee as charged.

The order arresting judgment is reversed. Case is remanded for sentencing. Jurisdiction is relinquished.