## ARTICLE IX.  AUTHENTICATION AND IDENTIFICATION

### Rule 901.  Authenticating or Identifying Evidence

**(a)** **In General.**  Unless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

**(b)** **Examples.**  The following are examples only – not a complete list – of evidence that satisfies the requirement:

**(1)** **Testimony of a Witness with Knowledge.**  Testimony that an item is what it is claimed to be.

**(2)** **Nonexpert Opinion about Handwriting.**  A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.

**(3)** **Comparison by an Expert Witness or the Trier of Fact.**  A comparison with an authenticated specimen by an expert witness or the trier of fact.

**(4)** **Distinctive Characteristics and the Like.**  The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.

**(5)** **Opinion About a Voice.**  An opinion identifying a person's voice – whether heard firsthand or through mechanical or electronic transmission or recording – based on hearing the voice at any time under circumstances that connect it with the alleged speaker.

**(6)** **Evidence About a Telephone Conversation.**  For a telephone conversation, evidence that a call was made to the number assigned at the time to:

(A) a particular person, if circumstances, including self-identification, show that the person answering was the one called; or

(B) a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.

**(7)** **Evidence About Public Records.**  Evidence that:

(A)     a document was recorded or filed in a public office as authorized by law; or

(B)     a purported public record or statement is from the office where items of this kind are kept.

**(8)     Evidence About Ancient Documents or Data Compilations.**   For a document or data compilation, evidence that it:

(A)     is in a condition that creates no suspicion about its authenticity;

(B)     was in a place where, if authentic, it would likely be; and

(C)     is at least 30 years old when offered.

**(9)     Evidence About a Process or System.**  Evidence describing a process or system and showing that it produces an accurate result.

**(10)     Methods Provided by a Statute or a Rule.**  Any method of authentication or identification allowed by a statute or a rule prescribed by the Supreme Court.

**(11)   Digital Evidence.  To connect digital evidence with a person or entity:**

**(A)     direct evidence such as testimony of a person with personal knowledge; or**

**(B)     circumstantial evidence such as:**

**(i) identifying content; or**

**(ii) proof of ownership, possession, control, or access to a device or account at the relevant time when corroborated by circumstances indicating authorship.**


### Comment

Pa.R.E. 901(a) is substantively identical to F.R.E. 901(a) and consistent with Pennsylvania law.  The authentication or identification requirement may be expressed as follows:  When a party offers evidence contending either expressly or impliedly that the evidence is connected with a person, place, thing, or event, the party must provide evidence sufficient to support a finding of the contended connection.  *See*

2

*Commonwealth v. Hudson*, 414 A.2d 1381 (Pa. 1980); *Commonwealth v. Pollock*, 606 A.2d 500 (Pa. Super. 1992).  The proponent may be relieved of this burden when all parties have stipulated the authenticity or identification of the evidence.  *See, e.g.*, Pa.R.C.P. No. 212.3(a)(3) (Pre-Trial Conference); Pa.R.C.P. No. 4014 (Request for Admission); Pa.R.Crim.P. 570(A)(2) & (3) (Pre-Trial Conference).

In some cases, real evidence may not be relevant unless its condition at the time of trial is similar to its condition at the time of the incident in question.  In such cases, the party offering the evidence must also introduce evidence sufficient to support a finding that the condition is similar.  Pennsylvania law treats this requirement as an aspect of authentication.  *See Commonwealth v. Hudson*, 414 A.2d 1381 (Pa. 1980).

Demonstrative evidence such as photographs, motion pictures, diagrams and models must be authenticated by evidence sufficient to support a finding that the demonstrative evidence fairly and accurately represents that which it purports to depict.  *See Nyce v. Muffley*, 119 A.2d 530 (Pa. 1956).

Pa.R.E. 901(b) is identical to F.R.E. 901(b).

Pa.R.E. 901(b)(1) is identical to F.R.E. 901(b)(1).  It is consistent with Pennsylvania law in that the testimony of a witness with personal knowledge may be sufficient to authenticate or identify the evidence.  *See Commonwealth v. Hudson*, 414 A.2d 1381 (Pa. 1980).

Pa.R.E. 901(b)(2) is identical to F.R.E. 901(b)(2).  It is consistent with 42 Pa.C.S. § 6111, which also deals with the admissibility of handwriting.

Pa.R.E. 901(b)(3) is identical to F.R.E. 901(b)(3).  It is consistent with Pennsylvania law.  When there is a question as to the authenticity of an exhibit, the trier of fact will have to resolve the issue.  This may be done by comparing the exhibit to authenticated specimens.  *See Commonwealth v. Gipe*, 84 A.2d 366 (Pa. Super. 1951) (comparison of typewritten document with authenticated specimen).  Under this rule, the court must decide whether the specimen used for comparison to the exhibit is authentic.  If the court determines that there is sufficient evidence to support a finding that the specimen is authentic, the trier of fact is then permitted to compare the exhibit to the authenticated specimen.  Under Pennsylvania law, lay or expert testimony is admissible to assist the jury in resolving the question.  *See, e.g.*, 42 Pa.C.S. § 6111.

Pa.R.E. 901(b)(4) is identical to F.R.E. 901(b)(4).  Pennsylvania law has permitted evidence to be authenticated by circumstantial evidence similar to that discussed in this illustration.  The evidence may take a variety of forms including: evidence establishing chain of custody, see *Commonwealth v. Melendez*, 474 A.2d 617 (Pa. Super. 1984); evidence that a letter is in reply to an earlier communication, see

3

*Roe v. Dwelling House Ins. Co. of Boston*, 23 A. 718 (Pa. 1892); testimony that an item of evidence was found in a place connected to a party, see *Commonwealth v. Bassi*, 130 A. 311 (Pa. 1925); a phone call authenticated by evidence of party's conduct after the call, see *Commonwealth v. Gold*, 186 A. 208 (Pa. Super. 1936); and the identity of a speaker established by the content and circumstances of a conversation, see *Bonavitacola v. Cluver*, 619 A.2d 1363 (Pa. Super. 1993).

Pa.R.E. 901(b)(5) is identical to F.R.E. 901(b)(5). Pennsylvania law has permitted the identification of a voice to be made by a person familiar with the alleged speaker's voice. *See Commonwealth v. Carpenter*, 372 A.2d 806 (Pa. 1977).

Pa.R.E. 901(b)(6) is identical to F.R.E. 901(b)(6). This paragraph appears to be consistent with Pennsylvania law. *See Smithers v. Light*, 157 A. 489 (Pa. 1931); *Wahl v. State Workmen's Ins. Fund*, 11 A.2d 496 (Pa. Super. 1940).

Pa.R.E. 901(b)(7) is identical to F.R.E. 901(b)(7). This paragraph illustrates that public records and reports may be authenticated in the same manner as other writings. In addition, public records and reports may be self-authenticating as provided in Pa.R.E. 902. Public records and reports may also be authenticated as otherwise provided by statute. *See* Pa.R.E. 901(b)(10) and its Comment.

Pa.R.E. 901(b)(8) differs from F.R.E. 901(b)(8), in that the Pennsylvania Rule requires thirty years, while the Federal Rule requires twenty years. This change makes the rule consistent with Pennsylvania law. *See Commonwealth ex rel. Ferguson v. Ball*, 121 A. 191 (Pa. 1923).

Pa.R.E. 901(b)(9) is identical to F.R.E. 901(b)(9). There is very little authority in Pennsylvania discussing authentication of evidence as provided in this illustration. The paragraph is consistent with the authority that exists. For example, in *Commonwealth v. Visconto*, 448 A.2d 41 (Pa. Super. 1982), a computer print-out was held to be admissible. In *Appeal of Chartiers Valley School District*, 447 A.2d 317 (Pa. Cmwlth. 1982), computer studies were not admitted as business records, in part, because it was not established that the mode of preparing the evidence was reliable. The court used a similar approach in *Commonwealth v. Westwood*, 188 A. 304 (Pa. 1936) (test for gun powder residue) and in other cases to admit various kinds of scientific evidence. *See Commonwealth v. Middleton*, 550 A.2d 561 (Pa. Super. 1988) (electrophoretic analysis of dried blood); *Commonwealth v. Rodgers*, 605 A.2d 1228 (Pa. Super. 1992) (results of DNA/RFLP testing).

Pa.R.E. 901(b)(10) differs from F.R.E. 901(b)(10) to eliminate the reference to Federal law and to make the paragraph conform to Pennsylvania law.

**Pa.R.E. 901(b)(11) has no counterpart in the Federal Rules of Evidence. "Digital evidence," as used in this rule, is intended to include a communication, statement, or image existing in an electronic medium. This includes emails, text messages, social media postings, and images. The rule illustrates the manner in which digital evidence may be attributed to the author.**

**The proponent of digital evidence is not required to prove that no one else could be the author. Rather, the proponent must produce sufficient evidence to support a finding that a particular person or entity was the author. *See* Pa.R.E. 901(a).**

**Direct evidence under Pa.R.E. 901(b)(11)(A) may also include an admission by a party-opponent.**

**Circumstantial evidence of identifying content under Pa.R.E. 901(b)(11)(B)(i) may include self-identification or other distinctive characteristics, including a display of knowledge only possessed by the author. Circumstantial evidence of content may be sufficient to connect the digital evidence to its author.**

**Circumstantial evidence of ownership, possession, control, or access to a device or account alone is insufficient for authentication of authorship of digital evidence under Pa.R.E. 901(b)(11)(B)(ii). *See, e.g.*, *Commonwealth v. Mangel*, 181 A.3d 1154, 1163 (Pa. Super. 2018) (social media account bearing defendant's name, hometown, and high school was insufficient to authenticate the online and mobile device chat messages as having been authored by defendant). However, this evidence is probative in combination with other evidence of the author's identity.**

**Expert testimony may also be used for authentication purposes. *See, e.g., Commonwealth v. Manivannan*, 186 A.3d 472 (Pa. Super. 2018).**

There are a number of statutes that provide for authentication or identification of various types of evidence. *See, e.g.*, 42 Pa.C.S. § 6103 (official records within the Commonwealth); 42 Pa.C.S. § 5328 (domestic records outside the Commonwealth and foreign records); 35 P.S. § 450.810 (vital statistics); 42 Pa.C.S. § 6106 (documents filed in a public office); 42 Pa.C.S. § 6110 (certain registers of marriages, births and burials records); 75 Pa.C.S. § 1547(c) (chemical tests for alcohol and controlled substances); 75 Pa.C.S. § 3368 (speed timing devices); 75 Pa.C.S. § 1106(c) (certificates of title); 42 Pa.C.S. § 6151 (certified copies of medical records); 23 Pa.C.S. § 5104 (blood tests to determine paternity); 23 Pa.C.S. § 4343 (genetic tests to determine paternity).

**Note:** Adopted May 8, 1998, effective October 1, 1998; rescinded and replaced January 17, 2013, effective March 18, 2013; amended November 4, 2019, effective January 1, 2020**; amended May 20, 2020, effective October 1, 2020**.

*Committee Explanatory Reports:*

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013). Final Report explaining the November 4, 2019 amendment of paragraph (1) published with the Court's Order at 49 Pa.B. 6946 (November 23, 2019). **Final Report explaining the May 20, 2020 adoption of paragraph (b)(11) published with the Court's Order at 50 Pa.B. ____ (_____, 2020).**

6