541 A.2d 1141

COMMONWEALTH of Pennsylvania, Appellee,

v.

Richard HAMAKER, Appellant.

Superior Court of Pennsylvania.

Submitted March 24, 1988.

Filed May 9, 1988.

David R. Dautrich, Reading, for appellant.

James F. Marsh, District Attorney, Stroudsburg, for Com., appellee.

Before CAVANAUGH, OLSZEWSKI and MELINSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence entered following appellant's conviction for speeding. We affirm.

On March 8, 1987, a citation was issued charging appellant with driving at an excessive speed in violation of Section 3362(a)(2)[1] of the Motor Vehicle Code. Appellant was found guilty of the charge at a summary trial before a

---

1. Section 3362(a)(2) prohibits an individual from driving in excess of 55 m.p.h.

district justice. A timely appeal to the court of common pleas was filed and, on August 25, 1987, a trial de novo was held.

Evidence at that trial essentially consisted of the testimony of the arresting officer, Trooper Robert D. Rossi of the Pennsylvania State Police. Trooper Rossi stated that he was operating a Customs KR–10 SPS Traffic Safety Radar System at the time of the arrest and that the radar system indicated appellant was driving at 65 m.p.h. in a 55 m.p.h. speed zone.

Appellant objected to the trooper's testimony, claiming that the Commonwealth had failed to present an adequate foundation for the statements regarding the speed of appellant's vehicle. Specifically, appellant argued that the testimony was inadmissible because Trooper Rossi had failed to conduct the four field checks for speed accuracy which were outlined in the radar system operator's manual.[2] The objection was overruled [3] and a finding of guilt was made by the court.

■ On September 3, 1987, appellant filed post-trial motions for a new trial and in arrest of judgment raising challenges to the weight and the sufficiency of the evidence. Both motions were denied and, on September 25, 1987, appellant was sentenced to pay a fine in the amount of $55. This timely appeal followed.[4]

2. The operator's manual lists the field checks as follows: (1) the automatic circuit test; (2) the tuning fork test; (3) the light test; and (4) the moving vehicle test. Trooper Rossi testified that in preparing to operate the radar system, he conducted the tuning fork test. He also stated that the field test indicated the particular unit was accurate.

3. During the cross-examination of Trooper Rossi, appellant elicited testimony that the other field checks were not performed.

4. According to the docket entries, appellant filed a premature appeal from the order denying the post-trial motions. In a criminal case, an appeal is taken from a judgment of sentence, not the denial of post-trial motions. See "Comment" Pa.R.Crim.P. 1123. We may, however, review this matter as judgment of sentence has been imposed. See Pa.R.App.P. 905(a) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day

Appellant's sole claim on appeal attacks the trooper's failure to follow the radar manufacturer's guidelines to insure accuracy. On this basis, appellant asserts that the evidence was insufficient to support the conviction.

■ Initially, we note that this claim was raised in boilerplate fashion in appellant's post-trial motions. An issue must be raised with specificity in the lower court or it is not preserved for appellate review. *Commonwealth v. Pyett*, 372 Pa.Super. 291, 293, 539 A.2d 444, 445 (1988); *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983). In the absence of a specific attack on the sufficiency of the evidence, appellant's claim is waived.

■ We, however, have reviewed the merits of appellant's claim and find it without basis. To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt: (1) that an accused was driving in excess of the applicable speed limit,[5] (2) that the speed timing device was approved by the Department of Transportation[6] and, (3) that it had been tested for accuracy by an approved testing station.[7] *See generally Commonwealth v. Gernsheimer*, 276 Pa.Super. 418, 419 A.2d 528 (1980).[8] A review of the record reveals that the Commonwealth has sustained its burden of proving these elements. Trooper Rossi testified that while using the radar unit, appellant was "clocked" at 65 m.p.h. in a 55 m.p.h. speed zone. Further, there is no dispute that the device had been approved by the Department of Transportation and that it had been tested at an

thereof."). *See also McCormick v. Blue Cross of Western Pennsylvania*, 360 Pa.Super. 210, 520 A.2d 59 (1987).

5. 75 Pa.C.S.A. § 3362. *See Commonwealth v. Gussey*, 319 Pa.Super. 398, 466 A.2d 219 (1983).

6. 75 Pa.C.S.A. § 3368(d).

7. *Id.*

8. *Cf. Commonwealth v. Parish*, 138 Pa.Super. 593, 10 A.2d 896 (1940) (pursuant to the Vehicle Code of June 5, 1937, P.L.1718, 75 P.S. § 501(b), the evidence supported the conviction where the arresting officer testified that he was present and observed appellant driving in excess of the legal limit, that the accuracy of his speedometer had been verified within 30 days of the arrest and that he had followed the defendant for the required statutory distance).

approved station.[9]   Finally, according to the certificate of accuracy, the radar device had been tested approximately ten days prior to the date of the citation.   Nothing in the statutes, the Code provisions [10] or case law require that the Commonwealth produce additional proof, and we decline to inject an additional element into the law where there is none.   Accordingly, we are satisfied that the evidence was sufficient to sustain the conviction for speeding.

██   Finally, we find it necessary to comment on appellant's challenge to the Commonwealth's evidence.   In our view, the question of whether the radar system produced an accurate test result absent corroboration by the four manufacturer-recommended field tests is one concerning the weight—not the sufficiency—of the evidence.[11]   Pursuant to Section 3368(d) of the Motor Vehicle Code, "[a] certificate from the [testing] station showing that the calibration and test were made within the required period, and that the device was accurate, shall be competent and prima facia evidence of those facts in every proceeding in which a violation of [Title 75] is charged."   75 Pa.C.S.A. § 3368(d).   Appellant's strategy to cross-examine the trooper regarding the failure to perform all of the recommended tests was merely an attempt to discredit the validity and accuracy of the calibration test result.   It is the trial court's function to evaluate and weigh the evidence;  such determinations are not lightly disturbed by an appellate court.   *Rich v. Com-*

9.   Although appellant does not directly challenge the admissibility of the certificate of accuracy, we note that it was properly admitted into evidence pursuant to 75 Pa.C.S.A. §.3368(d) and *Commonwealth v. Gernsheimer,* 276 Pa.Super. 418, 419 A.2d 528 (1980).

10.   The applicable provisions of the Pennsylvania Code govern only the calibration and testing of speed-timing devices.   *See* 67 Pa.Code §§ 105.1 *et seq.*   Importantly, Section 105.13 of the Code mirrors Section 3368(d) of the Vehicle Code insofar as it recognizes a presumption that the testing requirements have been fulfilled once a certification of accuracy has been completed.

11.   In this appeal, appellant does not pursue an attack on the weight of the evidence.   Because appellant has abandoned this claim, we decline to address the merits of a challenge to the weight of the evidence.   Our comments in this regard are made only for purposes of completeness.

*monwealth,* 74 Pa.Commw. 76, 78–80, 458 A.2d 1069, 1071–1072 (1983).

Having concluded that competent evidence of record supports the conviction, we affirm the order.