J-S26028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND LEE WERTZ, JR. | |
| Appellant | No. 1504 MDA 2014 |

Appeal from the PCRA Order of September 8, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002150-2013

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                          **FILED MAY 15, 2015**

Raymond Lee Wertz, Jr., appeals the September 8, 2014 order that dismissed Wertz's petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Because Wertz has not preserved any issues for appeal, we affirm.

On October 10, 2013, the Commonwealth filed a criminal information charging Wertz with over 100 total counts, including multiple charges each of burglary, theft, receiving stolen property, criminal trespass, and conspiracy.[1]  On November 1, 2013, Wertz pled guilty to sixteen counts, including eleven counts of burglary, one count of conspiracy to commit

---

[1]    18 Pa.C.S.A. §§ 3502(a)(2) and (4), 3921(a), 3925(a), 3503(a)(1)(i), and 903 (3502(a)(2), 3502(a)(4), 3921(a), 3925(a)), respectively.

burglary, three counts of theft by unlawful taking, and one count of conspiracy to commit theft. The remaining counts were dismissed.

On November 1, 2013, the trial court sentenced Wertz to a negotiated sentence of fourteen to forty months' incarceration on six counts of burglary with each sentence to run consecutively to each other. Wertz was sentenced to six to twenty-four months' incarceration on each remaining count of burglary and one of the theft counts; and to twelve to twenty-four months' incarceration each on two counts of theft, conspiracy to commit burglary, and conspiracy to commit theft. Each of those sentences was ordered to run concurrently with the first burglary sentence. Therefore, Wertz received an aggregate sentence of seven to twenty years' incarceration.[2] Wertz did not file a direct appeal.

On April 24, 2014, Wertz filed a timely PCRA petition, in which he alleged that his counsel was ineffective. From the petition, it is unclear whether Wertz was arguing that his counsel did not inform him that some of his sentences were to run consecutively or that his counsel should have struck a better bargain. On April 29, 2014, the PCRA court appointed counsel.

On July 11, 2014, counsel filed a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth*

_____

[2] Wertz also was required to pay restitution in the amount of $11,610.18.

- 2 -

*v. Finley*, 550 A.2d 213 (Pa. Super. 1988), in which counsel sought to withdraw from representing Wertz. Counsel concluded that there were no non-frivolous issues to be raised. On August 6, 2014, the PCRA court granted counsel's request to withdraw and issued notice to Wertz of the court's intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On September 8, 2014, the PCRA court dismissed Wertz's petition.

Prior to the actual dismissal of his petition, on September 3, 2014, Wertz filed a notice of appeal with this Court. The notice was transmitted to the clerk of courts of Berks County and filed there on September 8, 2014.[3] On September 10, 2014, the PCRA court ordered Wertz to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Wertz never filed a concise statement. On November 5, 2014, the PCRA court filed a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a), in

_____

[3] We recognize that Wertz filed his notice of appeal prematurely. However, in similar cases we still have addressed a premature appeal when "the subsequent actions [of the] court fully ripened it." *Commonwealth v. Cooper*, 27 A.3d 994, 1004 (Pa. 2011). *See also Commonwealth v. Little*, 879 A.2d 293, 302 (Pa. Super. 2005) (permitting premature appeal of petition for reconsideration when order denying petition was entered between notice of appeal and consideration by appellate court); *Commonwealth v. Hamaker*, 541 A.2d 1141, 1143 (Pa. Super. 1988) (permitting a premature appeal of post-trial motions and citing Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.")).

which the court concluded that any and all issues that Wertz may pursue were waived for failure to file a concise statement.

Rule 1925(b) requires an appellant to file a concise statement if ordered to do so by the presiding judge. Any issues not preserved in the concise statement are waived. Pa.R.A.P. 1925(b)(4)(viii). Regarding waiver, we have said:

> In 1998, our Supreme Court held that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Subsequently, in **Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005), the Supreme Court affirmed its holding in **Lord**, ruling that a failure to file a 1925(b) statement within [the time proscribed] after entry of an order requesting the statement, regardless of the length of the delay, results in automatic waiver.
>
> The Supreme Court amended Rule 1925 in 2007. The current version extends the 14–day filing period of the statement to a minimum 21–day filing period and grants the judge, upon application of the appellant and for good cause shown, authority to enlarge the time period initially specified, or, in extraordinary cases, to allow for filing of a statement *nunc pro tunc*. Additionally, the Supreme Court added a new procedure under Rule 1925(c) for appellate courts to remedy a criminal appellant's failure to file a Rule 1925(b) statement. Subsection 1925(c)(3) provides:
>
>> (3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
>
> Pa.R.A.P. 1925(c)(3). The official note to subsection (c)(3) further states:

*Paragraph* (c)(3) This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement[.] Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness[.] An appellant must be able to identify *per se* ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate *per se* ineffectiveness is entitled to a remand.

Note to Pa.R.A.P. 1925.

Paragraph (c)(3) of Rule 1925 codifies the procedure established by this Court in **Commonwealth v. West**, 883 A.2d 654 (Pa. Super. 2005). Note to Pa.R.A.P. 1925; **see Commonwealth v. Hill**, 16 A.3d 484, 496 n. 15 (Pa. 2011). "Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and *per se*, the court in **West** recognized that the more effective way to resolve such *per se* ineffectiveness is to remand for the filing of a Statement and opinion." Note to Pa.R.A.P. 1925; **see West**, *supra* at 657.

**Commonwealth v. Thompson**, 39 A.3d 335, 338-39 (Pa. Super. 2012) (citations modified, footnotes omitted).

Instantly, the PCRA court ordered Wertz to file a concise statement. Wertz did not do so. Therefore, he has failed to preserve any issues. Further, because Wertz was representing himself, he does not benefit from the remand procedure outlined in Pa.R.A.P.1925(c)(3). As noted above, Rule 1925(c)(3) is designed to rectify *per se* ineffective assistance of counsel. Because Wertz does not have counsel, that rule has no applicability

here. Therefore, we are constrained to find that his issues on appeal are waived.[4] **See Lord**, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015

---

[4] Had we not found that Wertz's issues were waived for failure to file a concise statement, we would have found Wertz's issues waived for failure to comply with briefing requirements. Wertz's brief does not contain a statement of jurisdiction, Pa.R.A.P. 2114; a statement of questions involved, Pa.R.A.P. 2116; a statement of the case, Pa.R.A.P. 2117; or a summary of argument, Pa.R.A.P. 2118. Most importantly, Wertz does not cite to any relevant legal authority nor develop a legal argument which results in waiver. **See** Pa.R.A.P. 2119(a); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009).