J-A12029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER BERNARD | : | |
| | : | |
| Appellant | : | No. 1309 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 22, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0001237-2018

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 1, 2019**

Appellant, Walter Bernard, appeals from the Judgment of Sentence of fines and costs totaling $216.75, entered August 22, 2018, following his conviction for violating Maximum Speed Limits.[1]  We affirm.

On April 26, 2018, Officer Jason Evey used an ENRADD speed-timing device to calculate that Appellant's vehicle was traveling at 61 miles per hour ("mph").[2]  The posted speed limit was 40 mph.  Thus, Officer Evey issued a traffic citation to Appellant.

The ENRADD device is an electronic, non-radar device that uses two sensors, spaced three feet apart, to clock a vehicle's speed.  A Certificate of Accuracy, issued on March 13, 2018, indicates that the particular device used

_____

[1] 75 Pa.C.S. § 3362(a)(3).

[2] We derive the factual background to this case from the trial court Opinion, which is supported by the record.  **See** Trial Ct. Op., filed 11/13/18, at 2-3.

to calculate Appellant's vehicle speed was calibrated and reporting speeds accurately.

Officer Evey is a certified operator of the ENRADD system and has been operating an ENRADD for over ten years. Prior to operating the device on the day in question, Officer Evey tested the device to verify that it was functioning properly.

In June 2018, a magisterial district judge found Appellant guilty. Appellant timely appealed to the Allegheny County Court of Common Pleas, where, in August 2018, a trial *de novo* commenced. Thereafter, the trial court adjudged Appellant guilty.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court issued a responsive Opinion.

In his sole issue, Appellant purports to challenge the sufficiency of the Commonwealth's evidence. **See** Appellant's Br. at 4.

> When reviewing a sufficiency of the evidence claim, an appellate court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict winner and must determine whether the evidence was such as to enable a fact finder to find that all of the elements of the offense[s] were established beyond a reasonable doubt. Moreover, when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed. Lastly, the finder of fact may believe all, some or none of a witness's testimony.

***Commonwealth v. Holley***, 945 A.2d 241, 246-47 (Pa. Super. 2008) (citations omitted).

In order to sustain a conviction for speeding, the Commonwealth must establish beyond a reasonable doubt that (1) "an accused was driving in excess of the applicable speed limit"; (2) "the speed timing device was approved by the Department of Transportation"; and (3) "it had been tested for accuracy by an approved testing station." **Commonwealth v. Hamaker**, 541 A.2d 1141, 1142 (Pa. Super. 1988) (citation omitted). Further, testing for accuracy must have occurred within sixty days of the alleged violation. 75 Pa.C.S. § 3368(d).

The Commonwealth introduced evidence sufficient to establish all of the elements required. Officer Evey testified that he used an ENRADD speed-timing device to calculate that Appellant was traveling at 61 mph in a posted, 40-mph zone. N.T. Trial, 08/22/2018, at 15. Although Appellant does not assert that the ENRADD device lacks approval by the Department of Transportation, we note that the Pennsylvania Vehicle Code authorizes the use of such devices. **See** 75 Pa.C.S. § 3368(c)(3).[3] Finally, the Commonwealth submitted a Certificate of Accuracy, documenting that a state-approved testing facility had calibrated the ENRADD device within sixty days of Appellant's violation. N.T. Trial at 13-14.

---

[3] Section 3368(c)(3) provides that "[e]lectronic devices which calculate speed by measuring elapsed time between measured road surface points by using two sensors and devices which measure and calculate the average speed of a vehicle between any two points may be used by any police officer."

The trial court, sitting as the finder of fact, was free to accept this evidence. *See Holley*, 945 A.2d at 246-47. Accordingly, viewed in the light most favorable to it, the Commonwealth established that Appellant was guilty of speeding, and Appellant's challenge to the sufficiency of the evidence fails. *Hamaker*, 541 A.2d at 1142; 75 Pa.C.S. § 3368.

Next, we address Appellant's substantive arguments. According to Appellant, the ENRADD device did not properly report his speed because (1) its calibration was flawed, and (2) Officer Evey did not properly operate the device. Appellant's Br. at 13, 15.

Previously, we have viewed a challenge to the accuracy of speed-timing device results as one concerning the weight—not the sufficiency—of the evidence. *See Hamaker*, 541 A.2d at 1143 (observing that an appellant's attempt to discredit the validity and accuracy of a radar system's calibration was directed to the court's function to evaluate and weigh the evidence).[4] A

---

[4] Generally, an appellant must preserve a weight of the evidence claim "in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Giron*, 155 A.3d 635, 638 (Pa. Super. 2017). Failure to do so will result in waiver. *Id.* (finding that appellant had waived his challenge to the weight of the evidence supporting his DUI conviction because he had failed to preserve the claim properly). However, "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas." Pa.R.Crim.P. 720(D). In such cases, we will not find a weight challenge waived, provided the appellant has given the trial court an opportunity to address the challenge in the first instance. *See, e.g.*, *Commonwealth v. Dougherty*, 679 A.2d 779, 784-85 (Pa. Super. 1996) (declining to find an appellant's challenge to the credibility and weight of the evidence waived where appellant was charged with a summary traffic offense and where, following trial *de novo*, appellant was

challenge to the weight of the evidence "concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed." **Commonwealth v. Richard**, 150 A.3d 504, 516 (Pa. Super. 2016) (internal quotation marks and citation omitted).

"Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted; emphasis removed). "It is the trial court's function to evaluate and weigh the evidence; such determinations are not lightly disturbed by an appellate court." **Hamaker**, 541 A.2d at 1143 (citation omitted). Thus, the trial court's decision whether a verdict was or was not against the weight of the evidence is one of the least assailable of its rulings. **See Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000) (citing **Commonwealth v. Brown**, 648 A.2d 1177, 1190 (Pa. 1994)).

Our Supreme Court has summarized the limits of discretion as follows:

The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or

---

precluded by rule from filing post-sentence motion but where appellant preserved the issue in a Pa.R.A.P. 1925(b) statement). In this case, Appellant properly preserved his claims. **See** Appellant's Pa.R.A.P. 1925(b) Statement, 10/2/18; **see also** Trial Ct. Op. at 2-3 (addressing Appellant's weight claims).

where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Coker v. S.M. Flickinger Co., Inc.*, 625 A.2d 1181, 1184-85 (Pa. 1993) (citation omitted).

First, Appellant suggests that the ENRADD device used by Officer Evey was calibrated improperly. Appellant's Br. at 13. Essentially, according to Appellant, the ENRADD device was calibrated using an equation designed to calculate how long it should take a driver to travel five feet but in practice recorded the time it took for Appellant to travel only three feet. *See id.* at 13-14 (citing 67 Pa. Code § 105.56(e)). According to Appellant, because the sensors of the ENRADD device were only three feet apart, its measurements were inaccurate. *Id.* at 14. Thus, Appellant implies, the device erroneously calculated his speed to be faster than it actually was. *See id.* at 13-15.[5]

Appellant's argument is, at first glance, persuasive but, upon close scrutiny, ultimately flawed. Appellant has not supported his intuitive theory with any objective data. This flaw undermines any practical evidentiary significance to Appellant's argument. More fundamentally, Appellant fails to address why a testing facility could not simply adjust its standardized formula to account for the shorter distance between the ENRADD device's sensors, nor

---

[5] In particular, Appellant points to a simple, standardized equation set forth in the Code, which enables a testing facility to evaluate a device's accuracy. The equation provided is V x T = 3408, where V is velocity in mph, T is time in milliseconds, and 3408 is the proper constant, provided that the sensors are five feet apart. *See* 67 Pa. Code § 105.56(e) (last amended 8/10/1996). The Code does not provide the proper constant where the sensors are more or less than five feet apart. *See id.*

did Appellant introduce any evidence that the state-approved testing facility actually used an improper calculation to evaluate the ENRADD device's accuracy. Absent such evidence, the court was free to accept the Certificate of Accuracy as proof that the ENRADD device properly measured Appellant's speed. **See Hamaker**, 541 A.2d at 1143 (rejecting an appellant's weight argument that challenged the accuracy of a speed-enforcing radar system because a certificate is competent and *prima facie* evidence of the device's accuracy that does not need further corroboration); 75 Pa.C.S. § 3368(d).

Second, Appellant asserts that Officer Evey operated the ENRADD device improperly. Appellant's Br. at 15. Appellant faults Officer Evey's operation in two ways. According to Appellant, Officer Evey set the device to monitor two lanes of traffic even though it is only capable of monitoring a single lane of traffic. **Id.** at 15-16 (citing Appellant's Exhibit H, ENRADD EJU-91 Operators Manual, p. 10). Further, according to Appellant, Officer Evey set the device's sensors at different elevations from the ground and in the middle of its accepted range, an elevation which the manufacturer suggests should be avoided. **Id.** at 16-18 (citing Appellant's Exhibit E, ENRADD EJU-91 Operators Manual, p. 11).

Balanced against Appellant's evidence, Officer Evey testified that he was a certified operator of the ENRADD device. N.T. Trial at 14. Officer Evey set up and tested the device to insure that it was operating correctly. **Id.** In response to Appellant's assertion that Officer Evey should not have set device to monitor two lanes of traffic, Officer Evey explained that, although the device

- 7 -

was set across two lanes of traffic, it would only clock one vehicle at a time. *Id.* at 15, 35. Officer Evey also explained that it was impossible to set the device at an acceptable height in the upper or lower range, that the middle range tested favorably, and that the device worked properly the entire day. *Id.* at 30-31.[6] Finally, a photo admitted into evidence documented that the ground was flat where Officer Evey set up the device. *See id.* at 34-35.

The trial court considered Appellant's arguments and rejected them. *See* Trial Ct. Op. at 2-3. Pointing to Officer Evey's certification and experience operating the ENRADD device, the trial court explicitly found Officer Evey's testimony credible. *Id.* at 3. It is well settled that we must defer to credibility determinations made by the trial court, which "had the opportunity to observe the demeanor and hear the testimony of the witnesses." *Commonwealth v. McCracken*, 659 A.2d 541, 551 (Pa. 1995). As it is the trial court's function to consider and weigh the evidence, and as the record supports its findings, we discern no abuse of its discretion in concluding that Officer Evey set up and operated the ENRADD device properly. *Widmer*, 744 A.2d at 753; *Hamaker*, 541 A.2d at 1143.

For these reasons, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

---

[6] We note further that, while the Operators Manual suggests avoiding setting the sensors at a height in the "middle range" of six to twelve inches, it does not prohibit operation of the device when the sensors are set to that height. Exhibit E at 11; *see also* Exhibit E at 2 (indicating that the range of sensor elevation is five to seventeen inches).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2019