J-S23021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
ISAIAH YOUNG　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　:　No. 3079 EDA 2024

Appeal from the Judgment of Sentence Entered October 11, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003469-2023

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:　　　　　　　　**FILED JULY 14, 2025**

Isaiah Young (Appellant) appeals from the judgment of sentence imposed following his conviction by the trial court of one count each of rape, involuntary deviate sexual intercourse (IDSI), sexual assault, possessing an instrument of crime (PIC), indecent assault (without consent), indecent assault (threat of forcible compulsion), terroristic threats, and recklessly endangering another person (REAP).[1]  We affirm.

The trial court detailed the underlying factual history:

Between December 2021 and January 2022, Appellant and [D.C. (the victim)] were cellmates incarcerated at Philadelphia Industrial Correctional Center [(PICC)] in the [C]ity and [C]ounty of Philadelphia.  N.T., 6/24/24, at 10, 44.  On the evening of January 5, 2022, both [Appellant and the victim] were laying in their bunk beds when Appellant repeatedly asked [the victim]

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3124.1, 907(a), 3126(a)(1), (3), 2706(a)(1), 2705.

about [the victim's] sexuality. *Id.* at 12. Appellant then climbed down from his bunk and stood in front of [the victim], holding his erect penis in one hand and a lock connected to a chain in the other. *Id.* at 12, 19. Appellant demanded that [the victim] perform oral sexual intercourse and [the victim] complied. *Id.* at 13. During the incident, Appellant instructed [the victim] to turn around and attempted to penetrate [the victim's] anus with his penis. *Id.* [The victim] responded by making noise due to the pain of attempted penetration. *Id.* Appellant removed his penis, wiped it off with a sock, and continued to engage in oral sexual intercourse with [the victim] until Appellant ejaculated. *Id.* at 13, 21-22. [The victim] cleaned himself off following the incident and laid in his bed below Appellant. *Id.* at 22. The next morning, [the victim] reported to a nurse that he was sexually assaulted. *Id.* at 25. The nurse reported [the victim's] statement to a prison sergeant, who took [the victim's] statement and sent him to Philadelphia Detention Center to have a rape kit performed. *Id.* at 25-26. [The victim's] claim was referred to the Philadelphia Police Department, Special Victims Unit on the same day. Police completed an investigation and issued a warrant for [Appellant's] arrest on February 28, 2022. Appellant was charged with [the above-described offenses].

Trial Court Opinion, 3/26/25, at 2 (some citations modified).

On June 24, 2024, following a one-day nonjury trial, the trial court convicted Appellant of the aforementioned offenses. On October 11, 2024, the trial court sentenced Appellant to an aggregate six to twelve years in prison, followed by three years' probation.[2] Appellant timely filed a post-

_____

[2] The trial court imposed a standard guideline range sentence for Appellant's rape conviction, and determined that the IDSI and sexual assault convictions merged into Appellant's rape conviction for sentencing purposes. The trial court imposed no further penalty for the remainder of Appellant's convictions.

sentence motion requesting reconsideration of his sentence.[3]  On November 5, 2024, before the trial court ruled on Appellant's post-sentence motion, Appellant filed a *pro se* notice of appeal.[4]

On November 26, 2024, the trial court issued an order (the November 26, 2024, order) directing Appellant to file a Pa.R.A.P. 1925(b) concise statement no later than 21 days after entry of its order.  Appellant filed a concise statement on January 16, 2025.[5]  On February 10, 2025, the clerk of

_____

[3] Ryan P. Slaven, Esquire (trial counsel), represented Appellant at trial and filed Appellant's post-sentence motion.  The trial court appointed Scott P. Sigman, Esquire (appellate counsel), to represent Appellant in the instant appeal.

[4] Generally, "no defendant has a constitutional right to hybrid representation, either at trial or on appeal." *Commonwealth v. Staton*, 184 A.3d 949, 957 (Pa. 2020) (citation omitted).  Nevertheless, "when a counseled defendant files a *pro se* notice of appeal, the appeal is not a legal nullity[,] and has legal effect." *Commonwealth v. Hopkins*, 228 A.3d 577, 580-81 (Pa. Super. 2020) (citation omitted); *see also Commonwealth v. Williams*, 151 A.3d 621, 624 (Pa. Super. 2016) ("Because a notice of appeal protects a constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating a motion, petition, or brief.").

[5] The trial court appended to the November 26, 2024, order a proof of service representing that it had mailed Appellant the November 26, 2024, order that same date.  The docket, however, does not include a notation that the clerk of courts provided Appellant with the November 26, 2024, order. *See* Pa.R.A.P. 108(a)(1) (providing that, "in computing any period of time under these rules involving the date of entry of an order by a court[,]" the date of entry of an order is the day on which the clerk of courts mails or delivers copies of the order to the parties); Pa.R.Crim.P. 114(b)(2) ("The clerk of courts shall serve the order or court notice, unless the president judge has promulgated a local rule designating service to be by the court or court administrator."); *Commonwealth v. Nicoletti*, 328 A.3d 85, 89-90 (Pa.

*(Footnote Continued Next Page)*

courts docketed an order denying Appellant's post-sentence motion by operation of law.[6] The trial court filed a Rule 1925(a) opinion on March 26, 2025. Appellant filed a counseled brief on April 1, 2025.[7]

_____

Super. 2024) ("Excepting judgments of sentence, … [i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket."). Thus, Appellant timely filed his concise statement.

[6] We observe that Appellant prematurely filed his *pro se* notice of appeal. **See Commonwealth v. Rojas**, 874 A.2d 638, 642 (Pa. Super. 2005) ("If post-sentencing motions are timely filed, [] the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law." (emphasis and citation omitted)). Although Appellant's notice of appeal was premature, in similar cases we have considered a premature appeal when "the subsequent actions [of the lower] court fully ripened it." **Commonwealth v. Cooper**, 27 A.3d 994, 1004 (Pa. 2011); **see also Commonwealth v. Hamaker**, 541 A.2d 1141, 1143 (Pa. Super. 1988) (considering a premature appeal of post-trial motions); Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Because Appellant's post-sentence motion was denied by operation of law, his appeal from his judgment of sentence is ripe for review. **See Cooper**, 27 A.3d at 1004.

[7] On June 27, 2025, Appellant filed an application for relief alleging ineffective assistance of appellate counsel and requesting a **Grazier** hearing. **See** Application for Relief, 6/27/25, at 2-3 (unpaginated); **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Because Appellant's request is patently untimely, we deny Appellant's application, without prejudice to Appellant's right to raise claims of ineffective assistance of counsel in a timely petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Robinson**, 320 A.3d 732, 739 (Pa. Super. 2024) ("When an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely." (quoting **Grazier**, 713 A.2d at 82)); **see also Commonwealth v. Albrecht**, 720 A.2d 693, 709 (Pa. 1998) ("Clearly, the right to appointed counsel does not include the right to counsel of the defendant's choice." (citation omitted)).

Appellant raises the following three issues:

1.   Whether the evidence introduced at trial and all reasonable inferences derived from the evidentiary record, viewed in the light most favorable to the Commonwealth as verdict winner, is insufficient to establish all elements of rape …, IDSI …, sexual assault, [PIC] …, indecent assault [(threat of forcible compulsion)], terroristic threats …, indec[ent] ass[au]lt [(without consent)] …, and [REAP], beyond a reasonable doubt?

2.   Whether the verdict was against the greater weight of the evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt for rape …, IDSI …, sexual assault, [PIC] …, indecent assault [(threat of forcible compulsion)], terroristic threats …, indec[ent] ass[au]lt [(without consent)] …, and [REAP]?

3.   Whether the lower court erred and abused its discretion in sentencing [Appellant] in that it failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence when it imposed the sentence in question?

Appellant's Brief at 8 (some capitalization modified).

Initially, regarding Appellant's first issue, we consider whether Appellant preserved his sufficiency challenge for our review.   In its opinion, the trial court opined that, in his Pa.R.A.P. 1925(b) concise statement,

Appellant failed to properly assert a challenge to the sufficiency of the evidence.   Appellant argued that the evidence offered at trial[,] and all reasonable inferences derived from the evidentiary record[,] were insufficient to establish all elements of the offense[s] charged.   Appellant failed to provide any specific element or elements where the evidence was specifically insufficient.  No explanation was provided regarding why th[e trial c]ourt committed an error.   Due to Appellant's failure to specify the element or elements wherein the evidence was insufficient, Appellant's first claim should be waived.

Trial Court Opinion, 3/26/25, at 9.  We agree.

To preserve a challenge to the sufficiency of the evidence, "an appellant's [Rule] 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes[,] each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted).

Here, Appellant's concise statement asserted, in boilerplate fashion, that the Commonwealth's evidence was insufficient to establish "all elements" of each of Appellant's convictions. Concise Statement, 1/16/25, ¶ 1. As Appellant failed to comply with the above precedent, his sufficiency claims are waived. **See Garland**, 63 A.3d at 344; **see also Commonwealth v. Manley**, 273 A.3d 1032 (Pa. Super. 2022) (unpublished memorandum at 8-9) (finding an appellant waived for review sufficiency challenges to offenses for which the appellant asserted the Commonwealth failed to present sufficient evidence of "all elements" in his concise statement).[8]

_____

[8] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. **See** Pa.R.A.P. 126(b)(1)-(2).

Additionally, in his appellate brief, Appellant has failed to discuss **any** elements of **any** of the crimes for which he was convicted, instead quoting a definition[9] of unlawful contact with a minor, an offense for which Appellant was neither charged nor convicted. **See** Appellant's Brief at 25. As a result, even if Appellant had preserved his sufficiency challenge in an adequately developed concise statement, he has waived the issue for failure to develop his claim with citation to relevant legal authority. **See** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); **see also Commonwealth v. Lawrence**, 313 A.3d 265, 278 n.3 (Pa. Super. 2024) ("It is well settled that this Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation, brackets, and quotation marks omitted)).

Nevertheless, even if preserved, Appellant's sufficiency challenge would merit no relief. Citing **Commonwealth v. Widmer**, 744 A.2d 745 (Pa. 2000), Appellant argues "that testimony in conflict with the incontrovertible physical facts and contrary to human experience and the laws of nature must be rejected in the context of [] a sufficiency of [the] evidence claim." Appellant's Brief at 25. Appellant maintains that the "evidence proffered in this case is …

---

[9] We discern, based on identical grammatical and content errors, that Appellant appears to quote, without attribution, a trial court opinion attached to **Commonwealth v. Morales-Justiniano**, 317 A.3d 633 (Pa. Super. 2024) (unpublished memorandum, Attachment at 10).

- 7 -

replete with unreliable and conflicting testimonies that belie[] human experience and forensic evidence ….” *Id.* at 26.

Specifically, Appellant points to the following allegedly contradictory and unreliable evidence that, he argues, rendered the evidence insufficient for any conviction:

1. [The victim] is a convicted felon for extortion.

2. Although [the victim] testified at trial that [] Appellant was walking around the cell in his boxers with an erection before he sexually assaulted [the victim], the written statement that [the victim] gave to [Philadelphia Police] Detective [Catherine] Ernst [(Detective Ernst)] fails to mention this fact.

3. The confiscated sock that [Appellant] and [the victim] allegedly both used to wipe off Appellant's sperm was somehow not entered into evidence.[10]

4. [The victim's] trial testimony that Appellant tried to intimidate him after the sexual assault never made its way [in]to the written statement [the victim] gave to the police.

5. [The victim's] statement that he was anally raped is contradicted by the rape kit that showed no anal bruising or redness[. The rape kit] did reveal an anal fissure that could not be confirmed as being caused by an external object, but failed to produce or find any DNA of Appellant on [the victim's] body or clothing.

Appellant's Brief at 26-27 (record citations omitted; footnote added).

Regarding a challenge to the sufficiency of the evidence, our standard of review is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light

_____

[10] The Commonwealth did not move to admit any physical evidence at trial.

most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Gary*, 332 A.3d 118, 123-24 (Pa. Super. 2025) (citation omitted).

"[T]he uncorroborated testimony of a single witness is sufficient to sustain a conviction for a criminal offense, so long as that testimony can address and, in fact, addresses, every element of the charged crime." *Commonwealth v. Johnson*, 180 A.3d 474, 481 (Pa. Super. 2018). "Additionally, the Commonwealth may sustain its burden solely by means of circumstantial evidence." *Commonwealth v. Watson*, 292 A.3d 562, 566 (Pa. Super. 2023) (citation omitted).

"[A] sufficiency of the evidence review does not include an assessment of [the] credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to [the] weight of evidence." *Commonwealth v. Bloomer*, 327 A.3d 1282, 1287 (Pa. Super.

2024) (citation omitted). However, "[w]here the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law." *Commonwealth v. Risoldi*, 238 A.3d 434, 454 (Pa. Super. 2020) (quoting *Widmer*, 744 A.2d at 751).

A person is guilty of rape under Section 3121(a)(1) "when the person engages in sexual intercourse with a complainant …[b]y forcible compulsion." 18 Pa.C.S.A. § 3121(a)(1). "Sexual intercourse," in addition to its ordinary meaning, includes intercourse per *os* or per *anus*, with some penetration however slight; emission is not required. *Id.* § 3101.

The Crimes Code defines the crime of IDSI, in relevant part, as follows:

**(a) Offense defined.--**A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

(1) by forcible compulsion ….

*Id.* § 3123(a)(1). IDSI requires that the defendant have committed "deviate sexual intercourse," which is defined, in relevant part, as "[s]exual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal." *Id.* § 3101.

Regarding sexual assault,

a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1.

- 10 -

A person commits the crime of PIC "if he possesses any instrument of crime with intent to employ it criminally." *Id.* § 907(a). An "instrument of crime" is defined as "(1) [a]nything specially made or specially adapted for criminal use[; or] (2) [a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." *Id.* § 907(d) (paragraph break omitted).

Instantly, the trial court convicted Appellant of indecent assault under Sections 3126(a)(1) and (3). The Crimes Code defines these sections as follows:

> **(a) Offense defined.**--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> (1) the person does so without the complainant's consent;
>
> * * *
>
> (3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution[.]

*Id.* § 3126(a)(1), (3).

A person commits the crime of terroristic threats "if the person communicates, either directly or indirectly, a threat to … commit any crime of violence with intent to terrorize another[.]" *Id.* § 2706(a)(1).

Finally, a person is guilty of REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily

injury." *Id.* § 2705. The Crimes Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301. "Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." *Id.*

With these definitions in mind, we review the evidence presented at trial, in a light most favorable to the Commonwealth as verdict winner. At trial, the victim testified that, on January 5, 2022, he shared a prison cell with Appellant in the PICC. N.T., 6/24/24, at 10. According to the victim, Appellant inquired about the victim's sexuality, and asked the victim, "Do you suck dick?" *Id.* at 12. The victim testified that he told Appellant that he did not. *Id.* The victim explained that Appellant told him, "Yes, you do[,]" and threatened the victim with a lock connected to a chain. *Id.* The victim noted that Appellant exposed his erect penis, "[a]nd I took that for what it was, [Appellant] wanted me to perform oral sex on him. I performed oral sex." *Id.* at 12-13.

The victim continued:

[I]n the midst of performing oral sex, [Appellant] stopped me and asked me to turn around. [Appellant] penetrated me. I told him that it hurt. [Appellant] stopped at some point. I was making noise. … I remember [Appellant] wiping himself off with a sock and then we went back to the oral sex. [Appellant] … finished while [his penis] was still in my mouth. [Appellant] wiped off at the end. I remember [Appellant] getting back in his bed. I don't remember exactly what [Appellant] said. It was along the lines of not saying something ….

- 12 -

*Id.* at 13. The victim explained that (1) Appellant was a member of a gang; (2) Appellant told the victim, "if I said anything[,] something would happen to me"; and (3) one of Appellant's associates had supplied Appellant with the lock that Appellant had used to threaten the victim. *Id.* at 14-15, 22.

The victim testified that the day after the incident he told prison officials that he had been sexually assaulted by Appellant. *Id.* at 25. The victim testified that he agreed to undergo a rape kit examination. *Id.* at 26. The victim confirmed that, on April 29, 2022, Detective Ernst of the Philadelphia Police Department's Special Victims Unit interviewed him regarding the incident. *Id.* at 32. On both direct and cross-examination, the victim agreed that he had a prior conviction for theft by extortion. *Id.* at 10, 38.

Sexual assault nurse examiner Bruce Sovers (Sovers) testified that he performed a physical examination of the victim and swabbed the victim's mouth, rectum, and perianal area for DNA. *Id.* at 87-88. Sovers noted the victim had a "pinpoint anal fissure" and "some tenderness in the perianal area[,]" but no bruising, redness, or lesions. *Id.* at 89. Sovers confirmed that he was unable to state whether the anal fissure "was caused internally or from some[thing] external[.]" *Id.* at 90.

Detective Ernst testified that she documented the initial report concerning the victim's allegations, but was unable to conduct a formal interview with the victim until April 29, 2022. *Id.* at 105, 107-08. Detective Ernst testified that she presented the victim with a photograph of Appellant,

and the victim identified Appellant as the perpetrator of the sexual assault. *Id.* at 110. On cross-examination, Detective Ernst admitted that she did not interview any PICC prisoners or guards, and that the weapon used in the assault was never recovered. *Id.* at 112.

Philadelphia Police Department forensic scientist Brian Pfleegor (Pfleegor) testified as an expert in DNA analysis. *Id.* at 117. The trial court aptly summarized Pfleegor's trial testimony in its opinion:

> Pfleegor testified that he reviewed findings reported by Bode Technology, a private laboratory [that] contracts with the Philadelphia Police Department, and generated a report for Appellant's case. N.T., 6/24/24, at 120. Pfleegor testified that the DNA profile contained in the samples [obtained from the rape kit] was consistent with a mixture of two individuals. *Id.* at 121[; *see also* Exhibit 11 (DNA Report)]. Pfleegor testified that the DNA profile matched [the victim] but that there was not enough DNA to identify a second individual. *Id.* Pfleegor testified that the limited data obtained could only be suitable for the purpose of exclusion. *Id.*

Trial Court Opinion, 3/26/25, at 5 (some citations modified).

Finally, Appellant testified on his own behalf. Appellant claimed that the victim owed Appellant and other prison inmates money for Suboxone tablets. N.T., 3/24/24, at 128-29. Appellant testified he warned the victim that if the victim did not pay Appellant this drug debt, Appellant "was going to cause physical harm to [the victim]." *Id.* at 129. Appellant denied sexually assaulting the victim. *Id.* According to Appellant, the victim fabricated the sexual assault in order to be transferred to a section of PICC away from

Appellant and other prisoners to whom the victim owed drug money. *Id.* at 131.

Upon review of the above-summarized evidence, viewed in the light most favorable to the Commonwealth, the evidence adduced at trial was sufficient to sustain each of Appellant's convictions beyond a reasonable doubt. Appellant's suggestion that the evidence presented at trial was so "unreliable" and "conflicting" as to render it insufficient is wholly without merit. Appellant's Brief at 26. We discern nothing from our review of the record that would suggest the "evidence offered to support the verdict is in contradiction to the physical facts … [or] human experience and the laws of nature[.]" *Widmer*, 744 A.2d at 751. Accordingly, even if preserved, Appellant's sufficiency challenge would entitle him to no relief.

In his second issue, Appellant challenges the weight of the evidence supporting each of his convictions. Appellant's Brief at 27. Preliminarily, we determine whether Appellant has preserved this issue for our review. To preserve a challenge to the weight of the evidence, a defendant must raise the issue orally or by written motion prior to sentencing, or by post-sentence motion. Pa.R.Crim.P. 607(A)(1-3). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Commonwealth v. Juray*, 275 A.3d 1037, 1047 (Pa. Super. 2022) (citation omitted).

Instantly, Appellant erroneously asserts that he preserved his challenge to the weight of the evidence in his post-sentence motion. ***See*** Appellant's Brief at 21; ***see also generally*** Post-Sentence Motion, 10/12/24 (wherein Appellant only sought a reduced sentence). Our review discloses that Appellant vaguely mentioned the weight of the evidence at his sentencing hearing, when he advised the trial court that he believed trial counsel was ineffective. ***See*** N.T., 10/11/24, at 18. However, Appellant did so after the trial court rendered sentence, and without reference to any of the purportedly deficient evidence. ***See id.*** Consequently, Appellant waived his weight of the evidence claim. ***See*** Pa.R.Crim.P. 607; ***Juray***, 275 A.3d at 1047.

Even if preserved, however, Appellant's weight of the evidence claim would entitle him to no relief. After setting forth boilerplate law concerning weight of the evidence claims, Appellant reproduces the identical argument he advanced in support of his sufficiency of the evidence claim. ***See*** Appellant's Brief at 32.

Initially, we note our standard of review:

Our standard of review in addressing weight of the evidence claims is whether the trial court has exercised an abuse of discretion by overriding or misapplying the law or rendering a judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is or is not against the weight of the evidence. Accordingly, for an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Williamson*, 330 A.3d 407, 419 (Pa. Super. 2025)

(quotation marks and citations omitted).

Instantly, the trial court rejected Appellant's purported weight of the

evidence claim:

The verdict reached on each offense charged did not shock the judicial conscience and was adequately supported by the weight of the evidence. Th[e trial c]ourt heard uncontroverted testimony from [the victim], [] Sovers, and [] Pfleegor[,] which established the elements of each offense charged. [The victim] provided testimony that Appellant stood in front of him holding [Appellant's] erect penis in one hand and a lock connected to a chain in the other. N.T., 6/24/24, at 12, 19. [The victim] stated he perceived this as a threat and[,] as a result, [the victim] engaged in oral and anal sexual intercourse with Appellant. *Id.* at 13. [The victim] testified that he did not consent to engaging in oral or anal sexual intercourse with Appellant. *Id.* at 37. **Th[e trial c]ourt did not find that the testimony of [the victim] was inconsistent**. Th[e trial c]ourt heard testimony from Sovers[,] who stated that he took a rectal and oral DNA swab. *Id.* at 87. Additionally, Sovers testified that no injury of note was found through a physical examination of [the victim's] body aside from an anal fissure. *Id.* at 89. Sovers testified that he could not determine the cause of [the victim's] anal fissure. *Id.* at 100-01. Th[e trial c]ourt then heard testimony from Pfleegor[,] who stated that DNA for two individuals was found as a result of [the victim's] rape kit[;] however, the identity of the second individual could not be [ascertained]. *Id.* at 121. Th[e trial c]ourt considered the testimony of Sovers and Pfleegor and found that it was strong circumstantial evidence that corroborated the statements made by [the victim]. Finally, **th[e trial c]ourt heard testimony from Appellant[,] who did not offer credible assertions to**

- 17 -

**controvert the testimony of any Commonwealth witness**[]. Appellant denied making any sexual advances towards [the victim] or being homosexual. *Id.* at 129, 137. Appellant's denials did not offer substantial evidence that the testimony of [the victim] was inaccurate or untrue. Appellant testified that [the victim] owed him money for Suboxone and threatened [the victim] with physical harm if he did not receive payment. *Id.* at 129. **Appellant's own statements did not offer proof that [the victim's] statements were inaccurate and instead provided a further motive to commit the offenses charged**. Ultimately, th[e trial c]ourt weighed the testimonial and physical evidence properly and rendered its verdict accordingly.

Trial Court Opinion, 3/26/25, at 18-19 (some citations modified; emphasis added).

The trial court's findings are supported by the record and its legal conclusion is sound. Appellant essentially asks this Court to supplant the trial court's credibility determinations with our own; this we cannot do. ***See Commonwealth v. Watson***, 292 A.3d 562, 570 (Pa. Super. 2023) ("[I]t is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record." (citation omitted)). Accordingly, even if preserved, Appellant's challenge to the weight of the evidence merits no relief.

In his final issue, Appellant challenges the discretionary aspects of his sentence. ***See*** Appellant's Brief at 33. Specifically, Appellant argues that the trial court "failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) or any mitigating evidence …." *Id.* at 35, 36.

Initially, we observe there is no absolute right to appeal from the discretionary aspects of a trial court's sentence. ***Commonwealth v. Summers***, 245 A.3d 686, 691 (Pa. Super. 2021). Rather, this Court applies a four-part test to determine

> (1) whether the appellant filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, ***see*** Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Bartic***, 303 A.3d 124, 134 (Pa. Super. 2023) (brackets and some citations omitted).

Appellant has complied with the first two prongs of the test by raising his claim in a timely post-sentence motion and timely filing a notice of appeal. However, Appellant has not included in his brief a separate Rule 2119(f) statement of reasons relied upon for allowance of appeal, and the Commonwealth has objected to this omission. ***See*** Commonwealth Brief at 20-21 (noting the absence of a Rule 2119(f) statement in Appellant's brief, and arguing "[o]n this fatal defect alone, [Appellant's] challenge to the discretionary aspects of sentencing should fail."). Accordingly, Appellant has waived his challenge to the discretionary aspects of his sentence, and we are precluded from addressing the merits of his final claim. ***See Commonwealth v. Perzel***, 291 A.3d 38, 49 (Pa. Super. 2023) (stating that where "the appellee objects to a [Rule] 2119(f) omission ... this Court is precluded from

reviewing the merits of the claim and the appeal must be denied.");

***Commonwealth v. Weir***, 201 A.3d 163, 175 (Pa. Super. 2018) ("We are precluded from reaching the merits of [an appellant's] discretionary sentencing claim when the Commonwealth lodges an objection to the omission of the [Rule 2119(f)] statement." (citations omitted)).

Application for relief denied.  Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/14/2025